## McFADDIN RICE MILLING CO. v. TEXAS & N. O. RY. CO.  (No. 1288.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 18, 1925.)

**1. Commerce ⬥33—Shipment which both parties knew was destined for Germany, but initial movement of which was had under local bill of lading, held shipment in foreign commerce.**

A shipment which both parties knew was destined for Germany, but the initial movement of which was had under local bill of lading, *held* a shipment in foreign commerce, thereby rendering inapplicable Rev. St. 1911, art. 708.

**2. Carriers ⬥165 — Evidence held to show shipper's release of carrier for failure to inspect cars was not executed under duress.**

Evidence *held* to show that shipper's release of carrier for failure to inspect cars was not executed under duress.

**3. Carriers ⬥147—Release of carrier from liability for failure to inspect cars carrying shipment in foreign commerce held not void under federal statute.**

Where carrier declined to issue a bill of lading for shipment in foreign commerce of rice in cars selected by shipper and not inspected by carrier, agreement indorsed on bill of lading, releasing carrier from liability for failure to inspect the cars, was not void or unenforceable under any federal statute.

**4. Carriers ⬥121—Carrier not liable for loss or injury caused by defect in car voluntarily selected by shipper in reliance on his own judgment.**

A carrier is not liable for loss or injury caused by defect in car voluntarily selected by shipper in reliance on his own judgment, and not on the duty of the carrier to furnish a suitable car.

**5. Carriers ⬥134—Undisputed evidence held to show that shipper, without knowledge of carrier, selected and loaded two cars for shipping rice.**

Undisputed evidence *held* to show that shipper, without any knowledge of carrier, voluntarily selected and loaded two cars for shipping rice, and that the shipper did not rely on any duty of the carrier in that respect, but in selecting the cars had equal means of knowledge of their condition.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by the McFaddin Rice Milling Company against the Texas & New Orleans Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Howth, Adams & Hart, of Beaumont, for appellant.

F. J. & C. T. Duff, of Beaumont, for appellee.

HIGHTOWER, C. J. This suit was filed by appellant, McFadden Rice Milling Company, against the appellee, Texas & New Orleans Railway Company, to recover $213.60 and interest on that amount at the legal rate from September 3, 1921, which amount appellant claimed as damages to a shipment of clean rice which it had delivered to appellee for carriage from appellant's rice mill in the city of Beaumont to the city docks of that city, which shipment was destined to a port in Germany. It was alleged by appellant, in substance, that this shipment of rice was contained in two cars furnished to it by appellee, and that these two cars were defective, in that they had leaks in the roof, sides, and doors, and that in consequence of such defects rain blew into the cars and damaged the rice.

Appellee answered by general denial, and specially pleaded an agreement between the parties which had been indorsed upon the bill of lading, releasing appellee from any liability for damages to the rice by reason of its failure to inspect these cars. In answer to this special plea of appellee, appellant replied that the release of liability for failure to inspect the cars, as noted on the bill of lading, was not binding upon appellant, for the reason, first, that the employee or agent of appellant who signed the release had no authority from appellant to do so; second, that such release was obtained by duress; and, third, that appellee could not, under the law of this state, exempt itself by such agreement from its liability to furnish to appellant suitable cars in which to ship the rice. The case was tried before the judge of the county court at law of Jefferson county without a jury, and resulted in a judgment in favor of appellee.

Counsel for appellant in their brief advance several propositions for reversal of this judgment. The first proposition is, in substance, that the trial court should have rendered judgment for appellant, because, as they contend, the undisputed evidence showed that appellee handled the rice as a railroad common carrier for hire, and that this was an intrastate shipment, and that it was appellee's duty under the law of this state to furnish to appellant cars for the transportation of this rice that were suitable for that purpose, and that appellee breached this duty in furnishing leaky cars for this shipment, and was therefore liable to appellant as a matter of law. By the second proposition, counsel for appellant assert, in substance, that the written indorsement upon the bill of lading under which this shipment moved, releasing appellee from liability for its failure to inspect the two cars, was void, and could not be relied upon as a defense by appellee, because the same was obtained by duress, as pleaded by it, and because appellant's agent, who undertook to make such release, had no authority to do so,

and also because such attempted release of its liability by appellee was in violation of the statutory law of this state. By their third proposition, counsel for appellant assert, in substance, that, even if the shipment here involved was an interstate shipment, or a shipment in foreign commerce, and therefore not governed by the statutes of this state, nevertheless the attempted release of appellant's liability for failure to inspect the cars for defects was void and unenforceable under the acts of Congress. The other propositions advanced are, in substance, that the undisputed evidence showed that appellee was guilty of negligence in handling this shipment of rice after it had received the same, and that the trial court should have rendered judgment in appellant's favor accordingly.

By their first counterproposition, counsel for appellee contend that the shipment of rice in question, according to the undisputed evidence, was not an intrastate shipment, but that, on the contrary, it was a shipment in foreign commerce, and that therefore our state statutes have no application to this case. By their second counterproposition counsel for appellee contend that the undisputed evidence and agreement of counsel for both sides in this case showed that the written indorsement upon the bill of lading, releasing appellee from liability for failure to inspect these cars, was freely and voluntarily made by appellant's agent, who was thereunto duly authorized, and that such stipulation and agreement was reasonable and enforceable. By their third counterproposition, counsel for appellee contend that in this shipment of rice appellant voluntarily selected the cars in which the same was carried, and through its own agents and servants loaded the cars with the rice in question, and that in doing so appellant acted upon its own judgment as to the fitness of the cars for such shipment, and that therefore appellee was not liable for the alleged defects in these cars.

We think that the following facts were shown without dispute on the trial below, but, if there was any material dispute, the evidence was sufficient to warrant the following findings by the trial court:

The cars in which this shipment of rice moved arrived in the city of Beaumont from a point in Louisiana on the 1st day of September, 1921, loaded with rough rice consigned to appellant at its mill in the city of Beaumont. On the following afternoon, these cars containing the rough rice were delivered to appellant on its warehouse track in the city of Beaumont and were released on the next day thereafter. Appellant unloaded the rough rice from these cars, and by its own employés and agents reloaded them with clean rice, which constitutes the subject-matter of this controversy. Appellant did this without the knowledge of appellee, and without any demand upon appellee for any cars in which to load this shipment. After loading this clean rice in the two cars as stated, appellant made out a bill of lading therefor, which was dated September 3, 1921, and on the 6th day of September, 1921, appellant's duly authorized agent, P. L. Burgess, took this bill of lading to appellee for its signature. At that time appellee had not inspected either of these cars, to see whether they were fit and suitable in which to load this shipment of clean rice, and for that reason, when the bill of lading made out by appellant was presented to appellee, it declined, through its agent, to sign or issue the bill of lading covering this shipment until appellee, through its proper agents, could inspect these two cars. Thereupon it was agreed between appellant's duly authorized agent, Burgess, and appellee's agent, that the written indorsement on the bill of lading, releasing appellee from liability because of failure to inspect these cars, should be made, as it was, and under this bill of lading the shipment in question moved from appellant's mill in the city of Beaumont to the city docks, with the intention and understanding on the part of the parties that this rice was to be loaded upon the steamer Alton, which was then at the docks in the city of Beaumont, and that this rice was to be carried to a port in Germany. The evidence shows that the rice in question was damaged by rain which fell in through the doors of these cars by reason of leaks in the doors.

[1] Now, as to appellant's first proposition, that this shipment was an intrastate shipment. The bill of lading upon its face was a local bill, calling for transportation of the rice from appellant's mill in the city of Beaumont to appellant at the city docks, care of the steamer Alton. As a matter of fact, however, both the parties to this shipment knew and understood at the time that this shipment of rice was one in foreign commerce; that is to say, that it was to be carried from appellant's rice mill in the city of Beaumont to the city docks, and there loaded upon the steamer Alton, to be carried by that steamer to a port in Germany. In other words, this switching of the rice by appellee from appellant's mill to the city docks was but the initial step in a continuous journey from the city of Beaumont, Tex., to a port in Germany. It now seems to be definitely settled by the Supreme Court of the United States that the essential nature of a movement of freight, and not the form of a bill of lading under which it moves, determines the character of the commerce, and, where it is the intention of the parties that such freight is to be exported to a foreign country, the shipment is one in foreign commerce, notwithstanding the initial movement is under a bill of lading local upon its face. Texas & New Orleans

Railway Co. v. The Sabine Tram Co., 227 U. S. 111, 33 S. Ct. 229, 57 L. Ed. 442; Railroad Commission of Louisiana v. Tex. & P. Railway Co., 229 U. S. 336, 33 S. Ct. 837, 57 L. Ed. 1215; Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U. S. 498, 31 S. Ct. 279, 55 L. Ed. 310. We therefore, upon the undisputed facts of this case, hold that the shipment of rice in question was one in foreign commerce, and the state statutes of this state can have no application.

[2, 3] As to appellant's second counterproposition, that the written release of liability indorsed on the bill of lading for failure to inspect the cars by appellee was void for the three reasons claimed by appellant, as stated by us, we will say that the agreement of counsel for both sides, as now filed in this record, shows that P. L. Burgess, who executed this indorsement on the bill of lading, was duly authorized to do so. And, as to appellant's contention that this release was executed under duress, we say that the evidence in the record as we see it refutes this contention. And as to the contention in this connection that the attempted release indorsed upon the bill of lading was void, because made so by article 708, Revised Statutes of Texas, we repeat that the Texas statute has no application to this shipment; nor do we believe that this agreement indorsed upon the bill of lading, under the facts in this case, was void or unenforceable by reason of any federal statute.

[4, 5] We think that appellee's third counterproposition is sound, and should have application upon the particular facts of this case, and that proposition is:

"Where the shipper of goods voluntarily selects the car, relying on his own judgment, and not on the duty of the carrier to furnish a suitable car, the carrier is not liable for loss or injury caused by defect in said car."

As we have stated above, we think that the undisputed evidence in this case shows that appellant, without any knowledge on the part of appellee, selected and loaded the two cars in which the rice in question was carried, and that appellant did not rely upon any duty of appellee in that connection, and that appellant, in selecting these cars, had equal means of knowledge of their condition with appellee. In 4 Elliott on Railroads (2d Ed.) § 1480, p. 170, the author says:

"The rule holding railroad carriers bound to furnish cars adapted to the goods they undertake to transport does not apply, where the shipper, with full means and opportunities of knowledge, voluntarily selects the car on which he desires his property transported. The carrier is not responsible in such a case for damages resulting from the unsuitableness of the car. If, however, the carrier fails to disclose hidden defects, which it was his duty to reveal, it will be responsible for injuries to goods attributable to such defects. There is no vio-

lation of principle in holding that, where the shipper exercises his own judgment, is not deceived or misled by the carrier, and chooses a car for the transportation of his property, the carrier is not answerable for the sufficiency of the car, at least where the shipper selects the car in consideration of a reduced rate, or the like, for in such case he does not trust to the carrier, nor rely upon the duty of the carrier, but, on the contrary, freely exercises his right of choice, and relies entirely upon his own judgment, so that there is no reason for affirming that the carrier was guilty of any wrong. But it is held that the mere fact that the shipper has knowledge of defects in cars or equipment will not absolve the carrier from liability. There is, it is obvious, an essential difference between a case where the shipper, with opportunities and means of knowledge, selects a car not adapted to or suitable for the transportation of his goods, and injury results solely because of unsuitableness of the car, and cases where the car is defective and the loss is caused by the defect, since the shipper may justly be regarded as competent to determine for himself whether the car is adapted to the use which he desires made of it, but where there are hidden defects known to the carrier, which cause the injury, the shipper can hardly be said to assume the risks from such defect, in the absence of a contract wherein he assumes such risks."

Corpus Juris, vol. 10, p. 87, at section 93, states the rule as follows:

"Where the shipper of the goods voluntarily selects vehicles himself, by virtue of express contract, or under circumstances which charge him with full knowledge of their capabilities and defects, relying on his own judgment and not on the duty of the carrier, the carrier is not liable for loss or injury caused by such defects, except such as are latent and not readily discoverable. Nevertheless it should appear, either that there was a distinct agreement by the shipper to assume the risk of the sufficiency of the car furnished, or that the shipper did not leave the selection of the car to the carrier, but assumed that duty himself."

As we have above shown, appellant voluntarily selected and loaded the two cars into which this rice was loaded, and there is no contention that appellee had knowledge of any defects in either of these cars and withheld the same from appellant, or that appellant was misled in any way by appellee in selecting these two cars for the shipment of its rice. It was stated by Mr. W. P. H. McFaddin, president of appellant company, while a witness on the stand, in substance, that there was an understanding between his company and appellee that appellant company could use such cars for the shipment of rice as might be convenient, when found upon appellant's warehouse tracks, and that, acting upon this understanding, these two cars were selected by appellant; but he also stated that appellee had advised appellant company to try to ascertain whether such cars, when so selected by appellant, were suitable for the purposes intended. The evidence in this case

does not even show that there were not suit-able cars for the shipment of this clean rice at appellant's command at the time it selected the defective cars in which this shipment was made. We believe that, upon the undisputed facts of this particular case, it would be unjust and unreasonable to hold that appellee was liable to appellant as for the furnishing to appellant of defective cars in which this shipment moved, and for that reason we have declined to disturb the judgment of the trial court.

Judgment affirmed.